UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JIMMY DUANE ROSS,                    )
                                     )
            Petitioner,              )
                                     )
v.                                   )      Nos.:  3:11-CR-032-RLJ-HBG-1
                                     )             3:16-CV-692-RLJ
UNITED STATES OF AMERICA,            )
                                     )
            Respondent.              )

**<u>MEMORANDUM OPINION</u>**

Before the Court is a pro se motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 filed by Petitioner [Doc. 231[1]].  The United States has responded to the motion and asserts in its response that the § 2255 motion is untimely and should therefore be dismissed [Doc. 233].  Petitioner has not filed a reply and the time for doing so has passed.  E.D. TN. LR 7.1(a).  For the following reasons, the § 2255 is time-barred and will be **DENIED**, and this action will therefore be **DISMISSED**.

On January 15, 2014, the Court entered a judgment against Petitioner for five counts of tax evasion in violation of 26 U.S.C. § 7201 [Doc. 211].  On June 8, 2015, the United States Court of Appeals for the Sixth Circuit affirmed Petitioner's convictions [Doc. 226].  On December 15, 2016, Petitioner filed the instant § 2255 motion [Doc. 231].

Title 28 United States Code § 2255(f) provides, in pertinent part:

    (f)      A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

    (1)      the date on which the judgment of conviction becomes final;

---

[1] All citations to the record refer to Petitioner's criminal file.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

By the terms of the statute, the one-year limitations period begins to run when the conviction becomes final, 28 U.S.C. § 2255(f)(1), unless other grounds are raised.[2]  As Petitioner did not file a petition for writ of certiorari with the United States Supreme Court after the Sixth Circuit affirmed his convictions, his convictions became final when he failed to do so within ninety days of the Sixth Circuit's decision.  *Clay v. United States*, 537 U.S. 522, 525 (2003).  Accordingly, Petitioner's convictions became final on September 6, 2015, and he had one year from that date to file a § 2255 motion.  As Petitioner did not file the instant § 2255 petition until more than a year after his convictions became final and Petitioner has set forth no arguments that would favor equitable tolling, his motion is untimely and it will be **DENIED** and this action will be **DISMISSED.**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  As the Court has dismissed this action on procedural grounds without reaching the merits of the underlying claims and jurists of reason would not find it debatable that the Court is correct in its procedural ruling, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE.**  Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

---

[2] Petitioner has raised no other grounds under § 2255(f).

2

Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

      **AN APPROPRIATE ORDER WILL ENTER.**

      **E N T E R:**

_____
s/ Leon Jordan
United States District Judge

3